IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Arif M. Shaikh, and<br>All Others Similarly Situated<br>　　　Plaintiffs,<br><br>v.<br><br>East Freeway Truck Stop, Inc.; Javed<br>Shoaib; Shayan Farooqi; and Zain Farooqi<br>　　　Defendants. | Civil Action<br>File No. 4:21-cv-<br><br>Jury Demanded |

**PLAINTIFF'S ORIGINAL CLASS COMPLAINT**

NOW COMES PLAINTIFF, Arif M. Shaikh ("Mr. Shaikh" or "Plaintiff"), and all others similarly situated, and complain of Defendants East Freeway Truck Stop, Inc., Javed Shoaib, Shayan Farooqi, and Zain Farooqi (collectively, "Defendants"). For cause of action, Plaintiff would respectfully show the Honorable Court as follows:

**I.
INTRODUCTION AND SUMMARY OF SUIT**

1.　　Plaintiff and Members of the Plaintiff Class file this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime and straight-time wages from Defendants East Freeway Truck Stop, Inc., Javed Shoaib, Shayan Farooqi, and Zain Farooqi.

2.　　The Defendants own and operate gasoline stations and convenience stores in the state of Texas ("Gas Stations").

3.　　In violation of the FLSA, Defendants failed to pay overtime and straight-time wages to Mr. Shaikh and to Members of the Plaintiff Class. Plaintiff and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). Further, Plaintiff was paid wages,

1

all in cash, only for the first eight (8) hours he worked each day. As such, Plaintiff sues for all unpaid straight-time wages in addition to the unpaid overtime wages.

4. The Defendants engage in a company-wide, uniformly applied, policy that results in the dishonest non-payment of employees' wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay wages to Plaintiff and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Arif M. Shaikh**, is a resident of Harris County, Texas. Mr. Shaikh was an employee who worked as a store clerk at one of Defendants' Gas Stations located in Houston, Harris County, Texas.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of the Defendants who work, or worked, at one or more Gas Stations operated and/or controlled by the Defendants during the relevant period, and who did not receive their wages during one or more workweek.

10. Defendant, **East Freeway Truck Stop, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Javed Shoaib, at 6671 Southwest Freeway, Suite 500, Houston, Texas 77074. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, by operating Gas Stations in Texas, this Defendant has engaged in,

and currently engages in, business in the state of Texas.

11.     Defendant, **Javed Shoaib**, is an individual who may be served at 6671 Southwest Freeway, Suite 500, Houston, Texas 77074. This Defendant owns and operates one or more Gas Stations, directly or by his ownership in legal entities that own and operate Gas Stations that are engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

12.     Defendant, **Shayan Farooqi**, is an individual who may be served at 6671 Southwest Freeway, Suite 500, Houston, Texas 77074. This Defendant owns and operates one or more Gas Stations, directly or by his ownership in legal entities that own and operate Gas Stations that are engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

13.     Defendant, **Zain Farooqi**, is an individual who may be served at 6671 Southwest Freeway, Suite 500, Houston, Texas 77074. This Defendant owns and operates one or more Gas Stations, directly or by his ownership in legal entities that own and operate Gas Stations that are engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

14.     Whenever this complaint alleges the Defendants committed any act or omission, it is meant that such act / omission was not only committed individually or jointly by the Defendants,

but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

15. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

16. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

17. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

18. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

19. Defendants, and their subsidiaries, are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

20. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1). Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

21. Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

# V.
## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff seeks class certification pursuant to 29 U.S.C. § 216(b), and the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

23. Class certification is appropriate as to all similarly situated store clerks at Defendants' Gas Stations who were deprived of their hard-earned wages.

24. Defendants own and operate the Gas Stations, either directly or via ownership and control of subsidiaries. Plaintiff seeks notice to issue to all store clerks of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

25. Plaintiff worked overtime hours for which he received no overtime wages.

26. Further, Plaintiff worked in excess of eight (8) hours a day for which he did not receive straight-time wages.

27. Defendants' wide-spread policy and practice violated the FLSA because it allows the Defendants to avoid payment of their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

28. By failing to properly document the overtime hours and the related overtime pay owed to Plaintiff and to Members of the Plaintiff Class, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

29. During the class period, the Defendants owned, controlled and operated the aforementioned businesses, and they implemented an illegal pay policy across their enterprise that was shared by all of the Gas Stations.

30. Members of the Plaintiff Class and Plaintiff have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

31. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime and straight-time wages; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

32. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b), and in accordance with the standard set forth by the Fifth Circuit recently in *Swales v. KLLM Transport Services, Inc*., 985 F.3d 430 (5th Cir. 2021).

33. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied straight-time compensation and/or overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

34. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied compensation in any given workweek may properly be included as members of the Plaintiff Class.

35. Thus, Plaintiff seeks to represent a class comprised of <u>all store clerks (a) who did not receive straight-time and/or overtime wages in any workweek during the relevant period and (b) who worked or currently work at any Gas Station owned and/or managed now or in the past by one or more Defendant, or by any legal entity / subsidiary in which one or more Defendants have/had an ownership interest or a management interest</u>.

36. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
## FACTS

37. Mr. Shaikh worked for the Defendants as a store clerk from December 25, 2019, until May 25, 2020.

38. During this period, Mr. Shaikh worked for the Defendants at their Texaco branded Gas Station located at 3151 South Dairy Ashford Road, Houston, Texas 77082.

39. Upon Defendants' direction, Mr. Shaikh worked overtime hours on a weekly basis, averaging well in excess of 40 hours a week.

40. Mr. Shaikh typically worked from 12:00 p.m. until 12:00 a.m., 7 days a week.

41. When Mr. Shaikh was hired, Defendants informed him that he would receive his wages with cash; his pay rate would be $12.00 per hour; and that he would receive no overtime. Mr. Shaikh also did not receive any straight-time wages beyond eight (8) hours a day.

42. Mr. Shaikh now sues for all of his unpaid wages.

43. Like Mr. Shaikh, all Members of the Plaintiff Class were deprived of a significant portion of their earned wages.

44. The Defendants own(ed), control(led) and/or operate(d) the Gas Stations where Plaintiff and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of these businesses.

45. Likewise, the Defendants controlled Plaintiff's terms and conditions of employment, including all decisions pertaining to the payment or non-payment of wages owed (i.e., non-payment of overtime wages and some straight-time wages), Plaintiff's hourly pay rate, the number of hours Plaintiff worked during each workweek, and the form of payment of wages (i.e., Plaintiff's wages were paid with cash).

# VII.
## CAUSE OF ACTION AND DAMAGES SOUGHT

**<u>Violation of the FLSA –
Failure to pay straight-time and overtime wages to Plaintiff
and to all others similarly situated</u>**

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47. Defendants' practice of not paying Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

48. Defendants' practice of paying Plaintiff for only eight (8) hours a day despite Plaintiff working in excess of these hours on a daily basis violates the FLSA. 29 U.S.C. § 206.

49. Plaintiff and each Member of the Plaintiff Class is a non-exempt employee – that is, each is entitled to receive overtime wages under the FLSA for all hours worked in excess of 40 during each seven-day workweek.

50. During their employment with the Defendants, Plaintiff and Members of the Plaintiff Class worked overtime hours on a weekly basis at Defendants' request.

51. Defendants informed Plaintiff and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

52. Defendants knowingly usurped their legal obligation to pay employees' overtime under the FLSA.

53. Plaintiff and Members of the Plaintiff Class received no overtime wages resulting from Defendants' widespread and uniform policy in violation of the FLSA.

54. Because Defendants have a widespread policy and practice of not paying their employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

55. As such, Plaintiff and the similarly situated Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

56. Plaintiff and the similarly situated Members of the Plaintiff Class also seek all unpaid straight-time wages pursuant to 29 U.S.C. § 206.

57. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff and Members of the Plaintiff Class seek liquidated damages in amounts equaling their unpaid overtime wages, and as applicable, straight-time wages.

58. Further, Plaintiff and Members of the Plaintiff Class seek attorneys' fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states, partly, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

59. Plaintiff and Members of the Plaintiff Class also seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

60. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Arif M. Shaikh and all others similarly situated respectfully request that upon final hearing the Honorable Court grant relief against Defendants East Freeway Truck Stop, Inc., Javed Shoaib, Shayan Farooqi, and Zain Farooqi, jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated employees employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants violated 29 U.S.C. § 206 by failing to pay some of Plaintiff's (and of Members of the Plaintiff Class') straight-time wages;

d. Declare the Defendants' violations of the FLSA are willful;

e. Order Defendants to pay unpaid overtime wages, straight-time wages, and liquidated damages to Plaintiff and to Members of the Plaintiff Class, as applicable;

f. Order Defendants to pay all reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. §216(b);

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, assessed against the Defendants; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to the Plaintiff and to Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for Plaintiff
Arif M. Shaikh and
Members of the Plaintiff Class